UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Peter G. Sheridan |
| v. | : | Crim. No. 22-182 (PGS) |
| OMAR FELICIANO-ESTREMERA | : | MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO PARTIALLY WITHDRAW PLEA (ECF NO. 52) |

This matter was before the Court on Defendant's Motion to Withdraw a plea of guilty and for the court to accept a sentence of 144 months (ECF No. 52). U.S.S.G. § 1B1.2(c);ECF 52; 52-4, (page 15, paragraph 32).

## FACT/PROCEDURAL HISTORY SUMMARY

On March 14, 2022, defendant Omar Feliciano-Estremera ("Feliciano-Estremera") appeared before the Court and pled guilty to the following charges:

Count One – Hobbs Act conspiracy, in violation of Title 18, United States Code, Section 1951(a);

Count Two – Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951(a) and Section 2;

Count Three – Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951(a) and Section 2;

Count Four – Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951(a) and Section 2; and

Count Five – Discharging a firearm during and in relation to a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii) and Section 2.

ECF 44, 1-9.

In Count One of the Information ("Hobbs Act Conspiracy"), the defendant plead guilty, in violation of 18 U.S.C. §1951(a), to engaging in "the armed robbery of Victim Business 5 in Rahway, New Jersey, on June 6, 2019, during and in relation to which a firearm was discharged by Lopez (co-conspirator)." *Id.* at 2, ¶ 3(d). In Count Two of the Information ("Hobbs Act Robbery"), the defendant plead guilty to aiding and abetting the armed robbery of Victim Business 5, a commercial establishment located in Rahway, New Jersey, on June 6, 2019 in violation of 18 U.S.C. §1951(a) and Section 2. *Id.* at 3. In Count Five of the Information ("Discharging a Firearm During and in Relation to a Crime of Violence"), defendant pled guilty to:

> …during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, namely, the Hobbs Act Robbery charged in Count Two of this Information, did knowingly use and carry a firearm, which was discharged, and aided and abetted the same. In violation of Title 18, United States Code, Section 924(c)(1)(A)(iii) and Section 2.

At the March 14, 2022 Plea Hearing, defendant admitted that the robbery in fact took place.

> MR. RAMEY: On June 6th, 2019, did your co-conspirator and another individual in fact rob [Victim Business 5]?
>
> THE DEFENDANT: Yes.

ECF 52-6, Transcript, T55:25-56:3.

At the March 14, 2022 Plea Hearing the government submitted that proof of the robbery in Count Two would be evidenced by (1) witness testimony, (2) expert testimony, and (3) physical evidence, including security camera videos of the robberies, as well as of defendant's vehicle, telephone records between the defendant and his co-defendant, cellphone GPS location data placing the defendant's phone at or near the sites of multiple robberies, as well as the testimony of lay[,] expert and law enforcement witnesses." *Id.* at T60:12-18. The government further submitted independent evidence would prove that the victim commercial establishments, including Victim Business 5, engaged in interstate commerce and that the handgun used, carried, and discharged during the robberies was a firearm within the meaning of federal law. T60:19-23.

On June 21, 2022, the Supreme Court decided *United States v. Taylor*, 142 S. Ct. 2015 (2022), holding that attempted Hobbs Act robbery does not qualify as a predicate crime of violence to support a conviction under Section 924(c). Contrary to the plea, Defendant presently asserts his innocence of having violated §924(c), arguing that he did not violate the statute because aiding and abetting a Hobbs Act

3

Robbery is not a lawful 18 USC §924(c) predicate act, e.g., a "crime of violence" pursuant to the holding in *Taylor*. ECF 52-1, Brief in Support of Motion at 18.

On August 18, 2022, the defendant moved to withdraw his guilty plea as to Count Five, the Section 924(c) count of conviction, on the basis of *Taylor*.

## ISSUE

Defendant wishes to withdraw his guilty plea in relation only to Count of 5 of the Information. At issue is whether the charge of aiding and abetting a Hobbs Act robbery qualifies as a predicate crime of violence to support a conviction under Section 924(c).

## STANDARD OF REVIEW

Under Federal Rule of Criminal Procedure 32(e), a court may permit a defendant to withdraw a guilty plea prior to sentencing where defendant has proven a "fair and just reason" for withdrawing a plea of guilty. Fed. R. Cr. P. 32(e); *United States v. Brown*, 250 F.3d 811, 815 (3d Cir.2001); *United States v. Hyde*, 520 U.S. 670, 676–77 (1997); *United States v. Isaac*, 141 F.3d 477, 485 (3d Cir.1998).

To determine whether the defendant was provided a fair and just reason, three factors are addressed. *United States v. James*, 928 F.3d 247, 253 (3d Cir. 2019).

4

The Third Circuit set forth the standard as follows:

> To determine if there has been such a showing, "[a] district court must consider three factors ... (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003). The burden of demonstrating those factors "is substantial" and "falls on the defendant[.]" *Id*. Whether to grant a motion to withdraw a guilty plea lies within the discretion of the district court. *Id*. We will not disturb that exercise of discretion unless "no reasonable person would adopt the district court's view." (quoting in part *United States v. Steiner*, 847 F.3d 103, 110 (3d Cir. 2017).

## STATEMENT OF REASONS

### a) WHETHER THE DEFENDANT ASSERTS HIS INNOCENCE

"Legal innocence alone can support withdrawal of a guilty plea." *James*, 928 F.3d at 1202. The relevant inquiry is "whether the defendant asserts his innocence[.]" *Jones*, 336 F.3d at 252. "If a defendant is not legally culpable, it stands to reason that he should be able to withdraw his guilty plea before sentencing because he is exempt from any punishment for the alleged acts constituting the crime, regardless of whether he committed them." *James*, 928 F.3d at 1203-4. However, merely asserting a legal defense is inadequate, rather the defendant must present a credible claim of legal innocence." *James*, 928 F.3d at 1205 (quoting *Hamilton*, 510 F.3d at 1214); see also *United States v. Thompson-Riviere*, 561 F.3d 345, 353 (4th Cir. 2009) (noting that the defendant's burden "is

5

to credibly assert his legal innocence: that is, to present evidence that (1) has the 'quality or power of inspiring belief,' and (2) tends to 'defeat the elements in the government's prima facie case' or to 'make out a successful affirmative defense' " (citations omitted)).

The defendant argues legal innocence, arguing he did not violate §924(c), as he did not commit a requisite predicate act, e.g., a "crime of violence" pursuant to the ruling in *Taylor*. ECF 52-1, Brief in Support of Motion at 18. That is, like "attempted" Hobbs Act robberies explained in *Taylor*, aiding and abetting a Hobbs Act robbery requires the same analytic approach since attempt does not, by itself, show intent, some substantial *actus reus* must be shown to prove intent to use forced under §924(c). ECF 52-1, Brief in Support of Motion at 19. More specifically, the argument presented by defendant is that *Taylor* is applicable in this case for the following reasons: (1) the Supreme Court reasoned the Government could obtain an "attempted" Hobbs Act conviction so long as a 'substantial' *actus reus* in furtherance of the attempt was undertaken by the defendant, and that *actus reus* need not encompass Hobb's force element; (2) similarly, aiding and abetting may not reach Hobbs Act's force element for a successful prosecution for lack of proving a specific intent; (3) therefore, it too cannot constitute a 924(c) predicate act because the crime of aiding and abetting. ECF 52-1, Brief in Support of Motion at 19-22.

A person who aids and abets an offense against the United States is punishable as a principal pursuant to 18 U.S.C. § 2(a). "To convict a person of aiding and abetting, "the government must prove [beyond a reasonable doubt]: (1) that the substantive crime has been committed; and (2) that the defendant charged with aiding and abetting knew of the commission of the substantive offense and acted with intent to facilitate it." *United States v. Petersen*, 622 F.3d 196, 208 (3d Cir. 2010) (quoting *United States v. Soto*, 539 F.3d 191, 194 (3d Cir.2008).

The Supreme Court in *Taylor* reasoned:

> Under the portion of the Hobbs Act relevant here, to win a conviction for a completed robbery the government must show that the defendant engaged in the "unlawful taking or obtaining of personal property from the person ... of another, against his will, by means of actual or threatened force." § 1951(b).
>
> From this, it follows that to win a case for attempted Hobbs Act robbery the government must prove two things: (1) The defendant intended to unlawfully take or obtain personal property by means of actual or threatened force, and (2) he completed a "substantial step" toward that end. See, e.g., *United States v. Resendiz-Ponce*, 549 U.S. 102, 107, 127 S.Ct. 782, 166 L.Ed.2d 591 (2007). ...a substantial step demands something more than "mere preparation." *Swift & Co. v. United States*, 196 U.S. 375, 402, 25 S.Ct. 276, 49 L.Ed. 518 (1905). The step, they say, must be "unequivocal," Reply Brief 3, and "significant," though it "need not be violent," Brief for United States 22.
> To know that much is enough to resolve this case. Whatever one might say about completed Hobbs Act robbery, *attempted* Hobbs Act robbery does not satisfy the elements clause. Yes, to secure a conviction the government must show an intention to take property by force or threat, along with a substantial step toward achieving that object. But an intention is just that, no more. And whatever a substantial step requires, it does not require the government to prove

7

> that the defendant used, attempted to use, or even threatened to use force against another person or his property.

*United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022) (emphasis in original).

The Government distinguishes an attempted Hobbs Act robbery as set forth in *Taylor* is not categorically a crime of violence, but a completed Hobbs Act robbery is a crime of violence as it requires the government to prove the defendant used, attempted to use, or threatened to use force against another person or his property. ECF 55, 10-11. This is consistent with the Third Circuit's opinion in *United States v. Walker*, 990 F.3d 316 (3d Cir. 2021) reasoning the substantive offense of completed Hobbs Act robbery is a crime of violence under the elements clause because it has as an element the use, attempted use, or threatened use of physical force against the person or property of another. *Walker*, 990 F.3d at 325; see also *Lawrence v. United States*, No. CV 18-16006 (MCA), 2022 WL 2916064, at *7 (D.N.J. July 25, 2022). It follows that to obtain a conviction for (1) aiding and abetting a Hobbs Act robbery and (2) aiding and abetting Section 924(c), the government must prove that a completed Hobbs Act robbery, a crime of violence, occurred. ECF 55, 10-11.

Here the Government must prove a completed Hobbs Act robbery to successfully convict the defendant of aiding and abetting in violation of 18 U.S.C. 924(c)(1)(A)(iii). The decision in *Taylor* does not change the status of the law that a completed Hobbs Act robbery is crime of violence with the requisite proof of

8

force, thereby meeting the element prong of § 924(c)(3)(A) using the categorical approach. As such, the defendant's theory of legal innocence lacks merit. The defendant thereby fails to meet its burden in making a credible claim of legal innocence.

The other two factors one must show to prove a fair and just reason for withdrawing a plea are (a) the strength of the defendant's reasons and (b) whether the government would be prejudiced by the withdrawal. At oral argument, none of the parties argued these factors and therefore deemed unsubstantiated.

## ORDER

IT IS ON THIS 20 DAY OF SEPTEMBER, 2022, HEREBY

**ORDERED** that defendant Feliciano-Estremera's Motion to Partially Withdraw his guilty plea as to Count 5 of the Information (ECF No 52) is hereby **DENIED** for the reasons stated in the above memorandum.

PETER G. SHERIDAN
UNITED STATES DISTRICT JUDGE